## COURT OF APPEALS, JANUARY TERM, 1849.

### LAWRENCE CLICKMAN, 2d, Respondent, vs. FREDERICK CLICKMAN, Appellant.

Motion papers entitled with the *wrong court* are defective and cannot be amended under the 149th section of the code. That section cannot extend to an affidavit.

In certain cases, an affidavit may be good without a title or with a defective title. (§ 367.) But this provision relates to the naming of parties, and not to the name of the court in which the matter is pending or the proceeding is to be had. And besides, this section does not help a *notice.*

Where affidavits and notice of motion were entitled "Supreme Court," for a motion in this court—held, defective, and the motion denied on that ground.

J. J. TYLER, for the respondent, moved to dismiss an appeal. Judgment for the Plaintiff Lawrence Clickman, 2d, was entered on the 22d of July last; and on the 19th of August following, the Defendant gave no-

tice of an appeal. The appellant· had not caused the return to be filed, nor had he furnished copies of the case.

N. HILL, Jr., for the appellant, objected, that the affidavit on which the motion was founded, and·the notice of motion, both mentioned the wrong court. They began thus—*"Supreme Court*, Lawrence Clickman,· 2d, Respondent, vs. Frederick Clickman, Appellant," when they should have stated the proceeding to be in the Court of Appeals.

Mr. TYLER, in reply said, the entitling of the papers was right, according to the 274th section of the Code of Procedure.

BRONSON, J.—The section referred to declares, that after an appeal the parties shall be known as appellant and respondent; "but the title of the action shall not be changed in consequence of the appeal." This goes only to "the title of the action" and not to the name or style of the court; and clearly these papers should have mentioned the proceeding as being in the Court of Appeals instead of the Supreme Court. True, the notice states that a motion will be made in the Court ·of Appeals; but the notice is given in the Supreme Court, and, as would be proper if the motion was intended to be made in that court.

The court may amend pleadings and proceedings; (Code, § 149,) but this cannot extend to an affidavit.

In certain cases, an affidavit may be good without a title, or with a defective title. (§ 367.) But this provision relates, I suppose, to the naming of the parties, and not the name of the court in which the matter is pending or the proceeding is to be had. And besides, this section does not help the notice.

The papers are not sufficient, and the motion must be denied on that ground. *Motion denied.*